CHIEF JUSTICE
  CAROLYN WRIGHT
JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  DAVID LEWIS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
lisa.matz@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
HTTP://5TH.TXCOURTS.GOV

August 27, 2015

Katherine Drew
Dallas County Public Defender's Office
133 N. Riverfront Blvd., LB-2
Dallas, TX 75207

Lori Ordiway
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB-19
Dallas, TX 75207

RE:     05-15-01022-CR
        Lauro Arizpe v. The State of Texas

Counsel:

After reviewing the documents before it, the Court questions its jurisdiction over the appeal. Specifically, the notice of appeal reflects that sentence was imposed on July 8, 2015. No motion for new trial was filed; therefore, appellant's notice of appeal was due by August 7, 2015. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal is file-stamped August 17, 2015, ten days late. The Court cannot determine from the envelope in which it appears the pro se notice of appeal was delivered to the trial court whether it was mailed and, if so, the date of mailing. Moreover, although the notice of appeal was filed within the fifteen-day period provided by rule 26.3, no extension motion was filed in this Court within that same fifteen-day period. *See id*. 26.3(a), (b). Therefore, it appears we have no jurisdiction over the appeal.

So that the Court may determine the threshold issue of jurisdiction, appellant is directed to file a letter brief regarding the jurisdictional question by **September 8, 2015**. The State is directed to file any response by **September 18, 2015**. Any party relying on information not in the record before this Court must obtain a supplemental record containing that information.

After it has reviewed the jurisdictional briefs, the Court will either dismiss the appeal for want of jurisdiction or notify the parties by letter that the Court has jurisdiction over the appeal and of any pending deadlines.

Sincerely,

/s/     Lisa Matz, Clerk of the Court

ltr:mrh